UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Aug 10 2020
ARTHUR JOHNSTON, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WENDY JACKSON**                                                  **PLAINTIFF**

**V.**                        **CIVIL ACTION NO. 1:19CV274 HSO-LRA**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**            **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Wendy Jackson appeals the final decision denying her application for a period of disability and disability insurance benefits ("DIB"). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that this matter be affirmed.

In 2015, Plaintiff filed an application for DIB alleging a disability onset date of April 10, 2015, due to pancreatitis and related symptoms (diarrhea, abdominal pain, and fatigue). Plaintiff is a college educated veteran who was 41 years old at the time of her administrative hearing. She had past work experience as a construction worker, painter, construction painter, military police officer, airframe mechanic, and merchandise distributor. Following agency denials of her application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that she had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review. She now appeals that decision.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  At steps two and three, the ALJ found that although Plaintiff's pancreatitis is a severe impairment, it did not meet or medically equal any listing. The ALJ specifically found that Plaintiff's obesity, diabetes mellitus, mood disorder, lumbar spine degenerative disc disease, and hypertension were non-severe impairments at step two.  At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work except she would need additional breaks in the morning and afternoon for two to five minutes each.[2]  Based on vocational expert testimony, the ALJ concluded that given Plaintiff's age, education, work experience, and residual functional capacity, she could perform work as an assembler of electronics, mail sorter, and packer.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards.  *Salmond v. Berryhill*, 892 F.3d 812, 816 (5th Cir. 2018).  Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform?  *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

[2] ECF No. 10, p. 22.

conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (internal quotation marks and citation omitted).  It must be more than a scintilla, but it need not be a preponderance.  *Id.*  In reviewing an appeal, this Court may not re-weigh the evidence, try the case de novo, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

## Discussion

Plaintiff's sole argument on appeal charges that the ALJ erred in finding pancreatitis was her only severe impairment at step two.  Plaintiff claims that her "mood disorder, chronic pain syndrome, diabetes mellitus, obesity, lumbar spine degenerative disc disease, neuritis, chronic C. diff. infections status post fecal transplant, hiatal hernia, GERD, gastritis, and duodenitis," all met the severity threshold, but were discounted by the ALJ without explanation.  The Commissioner counters that the proper standards were applied, and substantial evidence supports the ALJ's decision.

As an initial matter, not all the above impairments appear to have been raised by Plaintiff at the administrative level.  The Commissioner asserts, and Plaintiff does not dispute, that neither she nor her administrative representative alleged additional impairments beyond her pancreatitis and its associated symptomology of diarrhea, abdominal pain, and fatigue on her disability application or at the administrative hearing. While there are isolated references to them at times, chronic pain syndrome neuritis; chronic C. diff. infections status post fecal transplant; hiatal hernia; GERD; gastritis; and, duodenitis all appear to be alleged for the first time on judicial review as severe.

An ALJ has a duty to investigate the record, but that duty "does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)).  Because these impairments appear to be raised for the first time here, and Plaintiff does not point to evidence establishing either their severity or resulting limitations, "she cannot say that she put the issue before the ALJ or that the ALJ improperly disregarded it."  *Gore v. Barnhart,* 54 F. App'x 406, 406 (5th Cir. 2002).  Even if the Court were to find to the contrary, the error was harmless for the reasons stated herein. [3]

Plaintiff's obesity, diabetes mellitus, mood disorder, lumbar spine degenerative disc disease, and hypertension were considered by the ALJ and determined to be non-severe.  Citing both the regulatory and *Stone* standards for evaluating severity, the ALJ concluded that Plaintiff's pancreatitis was her only severe impairment.  20 C.F.R. §404.1520; *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  However, Plaintiff submits, without record citation in support, that her "severe chronic pain, nausea, vomiting and diarrhea persisted even when she was not in an active pancreatitis flair, indicating that [her] severe symptoms are not attributable solely to her pancreatitis."[4]  Even if the record substantiated these assertions, the ALJ's finding that her non-severe impairments did not meet the severity threshold at step two does not warrant reversal or

---

[3] ECF No. 10, pp. 43, 69.

[4] ECF No. 11, p. 7.

4

remand.  *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *Dise v. Colvin*, 630 F. App'x 322, 324 (5th Cir. 2015); *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010). *See also Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008) (distinguishing between diagnosed impairments and functional limitations caused by those impairments).

*Stone* holds that an impairment is not severe "'only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)); *See also Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) (citing 752 F.2d at 1101) (unpublished).  "*Stone* merely reasons that the [severity] regulation cannot be applied to summarily dismiss, without consideration of the remaining steps in the sequential analysis, claims of those whose impairment is more than a slight abnormality." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 294 (5th Cir. 1992)).  Plaintiff's claims were not summarily dismissed at step two here. After finding that Plaintiff's pancreatitis was severe at step two, the ALJ proceeded with the sequential evaluation and found that Plaintiff had the residual functional capacity to perform light work with morning and afternoon breaks.  The sole responsibility for determining a claimant's residual functional capacity rests with the ALJ, and substantial evidence supports this determination.

Though she was able to work part-time in 2016 and 2017, Plaintiff testified at the administrative hearing that chronic abdominal pain, diarrhea, nausea, and vomiting due to

5

her pancreatitis have prevented her from working.  Gastrointestinal issues dating back to 2014, have gotten progressively worse over the years to the point where she "can't get up and do anything."  They impact her daily activities, including the ability to push, pull, walk, drive, and concentrate and cause frequent trips to the bathroom.  Pain medication in conjunction with a pain stimulator placed in her lower back in January 2018 have reduced her pain rating to 4 out of 10, but Plaintiff testified that she still experiences frequent trips to the bathroom, pain and fatigue.[5]

Upon evaluating the evidence, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce some of her alleged symptoms, her testimony regarding their intensity, persistence, and limiting effects were not fully credible.  When not substantiated by objective medical evidence, the ALJ has the discretion to make a finding on the credibility of the statements concerning the intensity, persistence or limiting effects of symptoms and the determination is entitled to considerable deference.  *Foster v. Astrue*, 277 F. App'x 462 (5th Cir. 2008); *see also Gonzales v. Astrue*, 231 F. App'x 322 (5th Cir. 2007) (adverse credibility determination made by an ALJ was supported by inconsistencies between claimant's testimony and documentary evidence).  Substantial evidence supports the ALJ's credibility findings here.

The evidence of record documents Plaintiff's history of emergency room and clinical visits for abdominal pain, nausea, vomiting, and diarrhea.  By 2017, multiple

---

[5] ECF No. 10, pp. 37-67.

diagnostic tests and interventional procedures, including a fecal transplant and a left celiac plexus RFA, had been performed to not only treat but to determine the source of her abdominal pain.  As the ALJ noted, stool samples and a 2016 CT scan of her abdomen had revealed no abnormalities.  A second CT scan performed the following year at the VA Medical Center showed "[s]table peripancreatic nodules unchanged from prior examination without peripancreatic inflammatory changes, ductal dilation or other findings to suggest acute pancreatitis."  A chest CT scan that same year revealed Plaintiff had a "small sliding-type hiatal hernia," but an otherwise normal stomach and bowel.  Yet, Plaintiff continued to report persistent complaints of abdominal pain and other symptoms consistent with pancreatitis.  However, after undergoing a trial period with a lumbar spinal cord stimulator in December 2017, Plaintiff reported a 90%-95% relief in pain, as well as an "improved mood, better sleep patterns, and increased quality of life."  When she received a permanent implant the following month, Plaintiff told her pain management specialist that she did not have "any symptoms and her original pain had completely resolved."  Given these facts, the ALJ had sufficient facts before him to determine that Plaintiff's gastrointestinal related issues were not disabling, and she had the residual functional capacity to perform light work.[6]

  In making this assessment, the ALJ observed that the VA had assigned Plaintiff an 80% disability rating for a hysterectomy and adjustment disorder/anxiety, but the rating was not binding on the Social Security Administration.  20 C.F.R. §§ 404.1567 &

---

[6] ECF No. 10, pp. 24, 520, 747-764.

416.927(f).[7]  The law is well settled on this point.  A VA's rating of total and permanent disability[8] "does not bind the Commissioner; it is merely 'evidence . . . that must be considered.'" *Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018) (quoting *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).  Plaintiff did not receive a total disability rating here.  And though not expressly stated,[9] the ALJ's narrative discussion reflects that he considered the record as a whole, including the VA records, before discounting the rating.  The ALJ assigned greater weight to the Social Security Administration's reviewing physicians' opinions that Plaintiff could perform light exertional work.  But the ALJ did not discount her subjective complaints entirely. "Based on records received subsequent to the rendering of their opinions and the claimant's presentation and testimony at the hearing, the [ALJ] added that the claimant

---

[7] At the time of Plaintiff's application, evidence of a disability decision by another governmental or nongovernmental agency had to be considered. *See* SSR 06-03p. Social security regulations were revised in 2017 and now make clear "in claims filed . . . on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled . . . ." 20 C.F.R. § 404.1504.  Because Plaintiff filed her claim for benefits prior to March 27, 2017, the new rule is inapplicable here.

[8] As observed by another court, "[t]he Fifth Circuit has yet to address what is required of the Court when cases involve findings of ***partial*** disability by the VA (*i.e.* disability ratings of less than 100%). *Carter v. Berryhill*, No. W-16-CA-00282-JCM, 2017 WL 2859745, at *6 (W.D. Tex. July 5, 2017) (emphasis in original) (citing *Chambliss*, 269 F.3d at 522; *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) ("[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ")).

[9] *See Vaught v. Astrue*, 271 F. App'x 452, 455 (5th Cir. 2008) (claimant "does not explain why the ALJ's reasons for not giving the VA disability determination greater weight were erroneous, and therefore leaves us with no basis upon which to find error"); *See Smith v. Colvin*, No. 3:14CV404TSL-JCG, 2015 WL 5541217, at *5 (S.D. Miss. Sept. 17, 2015) (holding that ALJ sufficiently reviewed VA disability decision and evidence relied on by the VA in reaching that decision because the "ALJ expressly refer[red] to evidence in the VA records throughout his decision")

would require more than the usual number of breaks in the residual functional capacity determination."[10]

In addition to the reviewing physicians' opinions, the ALJ observed that no examining or consulting physician had opined that Plaintiff's impairments impact her ability to perform work-related activities beyond the limitations indicated in the ALJ's residual functional capacity assessment. Despite her subjective complaints of constant and unremitting pain, the ALJ noted that:

> The claimant's primary physician completed a disability report on April 18, 2016. He indicated the claimant had hypertension, gastroesophageal reflux disease, chronic pancreatitis, and restless leg syndrome. He further indicated her prognosis from all of these conditions was "good" with the exception of chronic pancreatitis which he described as "fair." However, he did **NOT** opine she was disabled or had limitations greater than those in the residual functional capacity. Additionally, after placement of a spinal cord stimulator, the claimant reported her pain had completely resolved.[11]

The ALJ then goes on to note that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treating records of restrictions placed on the claimant by treating doctors. However, the record contains no opinions from treatment doctors indicating the claimant is disabled."[12]

Plaintiff does not dispute the ALJ's sound reasoning, nor does she direct the Court to any contrary evidence to support her claims. She simply maintains

---

[10] ECF No. 10, pp. 24-25, 64-84.

[11] *Id.* (emphasis in original).

[12] *Id.*

that her pancreatic symptoms were disabling, and the impairments she now alleges are severe were not adequately considered. The mere fact that working may cause Plaintiff pain or discomfort does not mandate a finding of disability, particularly where substantial evidence indicates that she can work despite being in pain or discomfort, as it does here. *See Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). By Plaintiff's own admission, the stimulator resolved her pain. A medical condition that can be reasonably remedied by surgery, treatment or medication is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). The ALJ's finding that Plaintiff could perform light work so long as she is afforded morning and afternoon breaks, is substantially supported by the opinion evidence, the objective medical evidence, and Plaintiff's own testimony.

A review of the record supports a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that Defendant's Motion to Affirm the Commissioner's Decision be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written

objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of August, 2020.

                                                        s/ Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE