IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WENDY JACKSON | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO. 1:19-cv-274-HSO-LRA |
| | § | |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY | § | DEFENDANT |

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTION [15], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], GRANTING DEFENDANT'S MOTION [12] TO AFFIRM, AND DISMISSING CASE WITH PREJUDICE</u>**

BEFORE THE COURT is Plaintiff Wendy Jackson's Objection [15] to United States Magistrate Judge Linda R. Anderson's Report and Recommendation [14], which recommends granting Defendant Andrew Saul, Commissioner of Social Security's Motion [12] to Affirm the Commissioner of Social Security's Decision, dismissing Plaintiff's appeal with prejudice, and entering Final Judgment in favor of the Commissioner.

After due consideration of the Report and Recommendation [14], the submissions of Plaintiff, and relevant legal authority, the Court finds that the Objection [15] should be overruled, the Magistrate Judge's Report and Recommendation [14] should be adopted, the Motion to Affirm the Commissioner's

Decision should be granted, and this appeal should be dismissed with prejudice. The Court will enter a Final Judgment in favor of the Commissioner.

## I. BACKGROUND

Plaintiff Wendy Jackson ("Plaintiff" or "Jackson") filed an Application for Disability Insurance Benefits with the Social Security Administration ("SSA" or "the Agency") on or about November 17, 2015, Compl. [1] at 2, due to pancreatitis and related symptoms, R. & R. [14] at 1. Jackson is a college-educated veteran and she was 41 years old at the time of her hearing before an Administrative Law Judge ("ALJ"). *Id.* Her prior work experience consisted of employment as a construction worker, painter, construction painter, military police officer, airframe mechanic, and merchandise distributor. Pl.'s Br. [11] at 2. The ALJ rendered an unfavorable decision finding that Jackson had not established a disability within the meaning of the Social Security Act. R. & R. [14] at 1; Compl. [1] at 2. The Appeals Council denied Jackson's request for review, and she appealed that decision to this Court. R. & R. [14] at 1.

United States Magistrate Judge Linda R. Anderson issued a Report and Recommendation on August 10, 2020, recommending that this Court grant Defendant's Motion to Affirm the Commissioner's Decision, dismiss Plaintiff's appeal with prejudice, and enter Final Judgment in favor of the Commissioner. R. & R. [14] at 10. The Report and Recommendation concluded that "a review of the record supports a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision." *Id.* Jackson filed an Objection

[15] to the Magistrate Judge's Report and Recommendation, objecting to the "determination that substantial evidence supports the [ALJ's] residual functional capacity assessment." Obj. [15] at 1.

## II. DISCUSSION

### A. Standard of Review

Because Jackson has filed an Objection [15] to the Magistrate Judge's Report and Recommendation [14], this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").  A court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000).  Nor is a court required to reiterate the findings and conclusions of a magistrate judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

To the extent Jackson does not object to portions of the Magistrate Judge's Report and Recommendation [14], the Court need not conduct a de novo review of those portions.  28 U.S.C. § 636(b)(1).  The Court need only review the Report and Recommendation [14] and determine whether those portions to which Jackson does not object are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.   Analysis

The Court has considered those portions of the Report and Recommendation to which Jackson does not object and concludes that they are neither clearly erroneous nor contrary to law. Jackson has raised the following Objection to the Report and Recommendation:

> 1. The Plaintiff objects to the Magistrate Judge's determination that substantial evidence supports the Administrative Law Judge's residual functional capacity assessment. In making this determination, the Magistrate Judge stated, . . . "Because these impairments appear to be raised for the first time here, and Plaintiff does not point to evidence establishing either their severity or resulting limitations, 'she cannot say she put the issue before the ALJ or that the ALJ improperly disregarded it.' Even if the Court were to find to the contrary, the error was harmless . . . ." The Plaintiff objects to the characterization that multiple medical conditions were not raised by the record.

Obj. [15] at 1 (internal citation omitted).

The Magistrate Judge found that Jackson did not raise the impairments of "mood disorder, chronic pain syndrome, diabetes mellitus, obesity, lumbar spine degenerative disc disease, neuritis, chronic C. diff. infections status post fecal transplant, hiatal hernia, GERD, gastritis, and duodentitis" at the administrative level. R. & R. [14] at 3. The Report and Recommendation noted that the Commissioner asserted that "neither Jackson nor her administrative representative raised additional impairments beyond her pancreatitis and its associated symptomology . . . on her disability application or at the hearing," *id.*, and that Jackson did not dispute the Commissioner's assertion, *id.* Jackson contends,

4

however, that, at least with respect to her "mood disorder," the record reveals that this impairment was raised. *Id.* Specifically, she points to three instances in the record which she claims, when considered together, constitute a "colorable claim for severe mental impairment." Obj. [15] at 2.

First, Jackson states that her list of medications includes Duloxetine for "anxiety." Administrative R. [10] at 245. Second, she points to the Department of Veterans Affairs ("VA") Mental Health Discharge Note at the time she was discharged from the VA's Psychosocial Rehabilitation and Recovery Center ("PRRC") Program. This note reflected that upon discharge, Jackson would "require continued care with periodic evaluations, management of symptoms with psychotropic medication and observation of response to medications." *Id.* at 559-60. Third, during her hearing before the ALJ, Jackson mentioned the VA's determination of 30% disability as a result of her mood disorder, and she asserts that the ALJ took note of it. Administrative R. [10] at 52.

According to Jackson, despite these instances in the record, the ALJ discussed her impairments, including the mood disorder, only "briefly" before determining that they were not severe. Obj. [15] at 2. Jackson maintains that the ALJ should have "appl[ied] the Psychiatric Review Technique required under the Social Security Regulations 20 CFR § 404.1520a" rather than "discussi[ng] . . . the severity of Plaintiff's medically determinable impairments . . . ." *Id.*

The United States Court of Appeals for the Fifth Circuit has held that

"[p]rocedural defects in the agency process are reversible error when the substantial rights of a party have been affected." *McGehee v. Chater*, 1996 WL 197435, at *3 (5th Cir. 1996) (citing *Maya v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)). Where "[t]he ALJ's decision is adequately supported by the record, and reflects due consideration of the various aspects of [the Plaintiff's] mental condition[,] . . . [r]emand is unnecessary to correct the procedural impediment." *Id.*

As indicated by the Report and Recommendation, even if the Court were to find that Jackson's mood disorder should have been classified as severe under the regulations, this error was harmless because there is no indication in the record that Jackson lacked the residual functional capacity to perform work as a result of the disorder. The Court agrees with the ALJ that "[t]he sole responsibility for determining a claimant's residual functional capacity rests with the ALJ, and substantial evidence supports this determination." R. & R. [14] at 5. Likewise, any failure of the ALJ to follow 20 CFR § 404.1520a with respect to Jackson's mood disorder was harmless because nothing in the record before the ALJ suggested that a mental disorder or illness caused any functional limitations. *See, e.g.*, Administrative R. [10] at 194-201 (SSA Function Report).

In addition, while Jackson's references to the record are accurate, the record contains additional information which supports the conclusion that her mood disorder is not "severe." *See, e.g.*, *id.* at 185 ("Have you seen a doctor or other health care professional or received treatment at a hospital or clinic, or do you have a

6

future appointment scheduled: . . . For any mental condition(s) (including emotional or learning problems)? No."); *id.* at 200 (indicating Jackson handles stress, changes in routine, and getting along with authority figures "good" or "pretty good"); *id.* at 559 (noting that Jackson's behavior and attitude during PRRC discharge was "cooperative, calm, [and] friendly" and her affect was "stable, congruent with mood, [and] full range"); *id.* at 559-60 (describing Jackson's symptoms of anxiety and mood disorder as "mild"). Such information indicates that Jackson's mood disorder, even if it is one which may require continued treatment or medication, has not created functional limitations on her ability to work, and thus is not severe or disabling. The ALJ's decision that Jackson's mood disorder did not qualify as "severe" is adequately supported by the record and remand to correct any procedural error with respect to the requirements of 20 C.F.R. § 404.1520a is unnecessary.

    Jackson also argues that because the VA made a determination of 30% disability based upon her mood disorder, *id.* at 168, a rating which the ALJ acknowledged during the hearing, *id.* at 52, her claim for a severe mental impairment was "colorable." Obj. [15] at 2. However, as the Magistrate Judge pointed out in the Report & Recommendation, "Social Security regulations . . . make clear . . . '[the Agency] will not provide any analysis in [its] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [an applicant is] disabled." R. & R. [14] at 8 n.7 (quoting 20 C.F.R. § 404.1504). Therefore, the VA's determination of disability

7

due to Jackson's mood disorder (even where the ALJ acknowledged the existence of such a determination during the hearing) does not make her claim of severe impairment "colorable" and remand is not justified on this basis.

In conclusion, based upon a de novo review of the record, the Court finds that Jackson's Objection [15] to the Report and Recommendation should be overruled.

### III.   CONCLUSION

The Court finds that Plaintiff's Objection [15] should be overruled, the Magistrate Judge's Report and Recommendation [14] should be adopted, the Defendant's Motion [12] to Affirm the Commissioner's Decision should be granted, and Plaintiff's appeal should be dismissed with prejudice. The Court will enter a Final Judgment in favor of the Commissioner.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [15] filed by Plaintiff Wendy Jackson in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [14], entered in this case on August 10, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Commissioner's Motion [12] to Affirm the Commissioner's Decision is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Wendy Jackson's appeal is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE